UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
First Priority Bank, Bradenton,
Florida,

    Plaintiff,
v.            Case No. 8:11-cv-2831-T-33MAP

ICARD, MERRILL, CULLIS, TIMM,
FUREN & GINSBURG, P.A., and
ROBERT E. MESSICK,

    Defendants.
_____/

**ORDER**

  This cause is before the Court pursuant to Defendants' Motion in Limine to Exclude Evidence of, and Reference to, Stephen Putnam's Employment Termination by First Priority Bank (Doc. # 38), filed on April 15, 2013. The FDIC filed a Response in Opposition to the Motion in Limine (Doc. # 44) on April 24, 2013. The Court defers ruling on the Motion for the reasons set forth below.

**I.**  **Background**

  This case is set for a jury trial during the Court's May 2013, trial term. As the parties indicate in their joint statement of the case, "The FDIC alleges that Icard Merrill and Bob Messick committed legal malpractice and breached their fiduciary duties when representing First Priority Bank in

connection with the March 2006 closing of a $5.3 million real estate acquisition and development loan to River Meadows Development, LLC." (Doc. # 46).

Mr. Putnam served as First Priority Bank's Executive Vice President and Senior Lending Officer. Both sides have indicated their intention to call Mr. Putnam as a witness during trial. (Doc. # 31-3 at 3; Doc. # 31-4 at 3).

In the Motion in Limine, Defendants indicate that Mr. Putnam was terminated a year after the River Meadows Loan closed due to his relationship with another Bank employee, Kathleen Cannon. Defendants seek an order excluding evidence regarding the reason for Mr. Putnam's termination, arguing that such evidence is irrelevant and unfairly prejudicial.

## II. Legal Standard

Rule 401 provides the "Test for Relevant Evidence" and explains that "evidence is relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Regarding the general admissibility of evidence, Rule 402 provides that "[r]elevant evidence is admissible" except as otherwise provided by "the United States Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme

Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Finally, Rule 403 sets forth the following balancing test for relevant evidence: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III. **Analysis**

Defendants assert, "The FDIC should not be allowed to taint the jury's perception of Mr. Putnam by introducing wholly extraneous evidence regarding his termination from First Priority Bank. Mr. Putnam's termination and the reasons for his termination provide no probative evidence concerning the issues in this case." (Doc. # 38 at 2).

The FDIC, on the other hand, suggests that this Court should defer ruling on the Motion in Limine until trial "to allow questions of foundation, relevancy, and prejudice to be resolved in context." (Doc. # 44 at 2)(internal citations omitted). In addition, as to the relevance of the evidence, the FDIC argues that "the Bank terminated Mr. Putnam's employment based upon his inappropriate conduct while working

at the Bank" and that "Mr. Putnam should be allowed to be impeached on his job performance and more importantly, on his desire to have his paramour be the person who would assume the duties of recording the minutes of the loan committee and board of directors." (Doc. # 44 at 2).

The Court determines that more information is needed to decide whether the evidence is relevant, and if it is relevant, whether the probative value of such evidence is substantially outweighed by the danger of unfair prejudice.

While the FDIC hints that Mr. Putnam would desire to have Ms. Cannon, as his "paramour," record the minutes of loan committee meetings, the Court has not been advised regarding the role that Ms. Cannon actually played (if any) in the meetings where the relevant River Meadows Loan was discussed.

The Court notes that neither party has named Ms. Cannon as a witness and neither party has supplied the Court with case law concerning the exclusion of evidence that an employee was terminated or otherwise disciplined due to a workplace romance.

In addition, even if the evidence is relevant, the Court is unable to assess the prejudicial nature of the evidence because the parties have not provided the Court with information necessary to make such an assessment.  For

example, the parties have not advised the Court of whether Mr. Putnam or Ms. Cannon were married at the time of the romantic relationship. Nor have the parties addressed whether Mr. Putnam was Ms. Cannon's supervisor. Furthermore, the parties have not supplied the Court with information concerning any policy in place at the Bank barring such a relationship.

As the FDIC suggests, this Court will defer its decision on the Motion in Limine until it has heard from the parties regarding the factual issues identified herein and until the parties have supplied the Court with relevant case law.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

The Court **DEFERS** its ruling on Defendants' Motion in Limine to Exclude Evidence of, and Reference to, Stephen Putnam's Employment Termination by First Priority Bank (Doc. # 38) as specified herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of May, 2013.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record