UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
First Priority Bank, Bradenton,
Florida,

           Plaintiff,

v.                       Case No. 8:11-cv-2831-T-33MAP

ICARD, MERRILL, CULLIS, TIMM,
FUREN & GINSBURG, P.A., and
ROBERT E. MESSICK,

           Defendants.
_____/

**ORDER**

    This cause is before the Court pursuant to Defendants'
Motion in Limine to Exclude Improper Expert Testimony by
Plaintiff's Expert, Mark Riley (Doc. # 37), filed on April 15,
2013. The FDIC filed a Response in Opposition to the Motion
in Limine (Doc. # 40) on April 24, 2013. The Court denies the
Motion as follows.

**I.**   **Background**

    This case is set for a jury trial during the Court's May
2013, trial term. As the parties indicate in their joint
statement of the case, "The FDIC alleges that Icard Merrill
and Bob Messick committed legal malpractice and breached their
fiduciary duties when representing First Priority Bank in
connection with the March 2006 closing of a $5.3 million real

estate acquisition and development loan to River Meadows Development, LLC." (Doc. # 46).

The FDIC indicates in the pretrial statement that it plans to call Mark Riley as an expert witness, and summarizes his testimony as follows:

> Mr. Riley [will] provide expert testimony on commercial lending and underwriting practices, bank management, bank operations and procedures, and the standards of care in the banking industry. Mr. Riley will testify that Icard (1) either allowed or conspired with Mark Brivik and his business entities to mislead the Bank in terms of their ongoing, and inadequately disclosed attorney-client relationship with U.S. Funding Group and Brivik and (2) improperly excluded key collateral from the Loan documents which the Bank expressly approved and required and (3) failed to provide an opinion of counsel which would have impeded, if not cancelled the settlement of the Loan altogether.

(Doc. # 31-5). Mr. Riley's expert witness report (Doc. # 37-1) and a transcript of Mr. Riley's deposition held on November 7, 2012 (Doc. # 37-2), are before the Court.

At this juncture, Defendants seek an Order excluding Mr. Riley's testimony on the grounds that he will impermissibly testify regarding the credibility of other witnesses and regarding the legal implications of the Defendants' actions. Defendants also contend that Mr. Riley should be barred from offering testimony about "what the Bank would have done," and about "facts of common understanding." (Doc. # 37 at 7-9).

Finally, Defendants contend that Mr. Riley's proposed testimony will exceed the boundaries of his expertise.

## II.   <u>Legal Standard</u>

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods, and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702 is a codification of the Supreme Court's landmark case of <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).   In <u>Daubert</u>, the Court described the gatekeeping function of the district court to ensure expert testimony and evidence "is not only relevant, but reliable." <u>Id.</u> at 589.   As stated in the Advisory Committee Notes accompanying Rule 702 of the Federal Rules of Evidence, "A review of the case law after <u>Daubert</u> shows that the rejection of expert testimony is the exception rather than the rule." <u>See</u> Advisory Committee Notes to the 2000 Amendment to Rule

-3-

702.   In addition, the trial judge is afforded broad discretion in deciding Daubert issues. See Kuhmo Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

In Rink v. Cheminova, Inc., 400 F.3d 1286 (11th Cir. 2005), the Eleventh Circuit set forth a three-pronged approach for deciding Daubert issues:

> To fulfill their obligation under Daubert, district courts must engage in a rigorous inquiry to determine whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Id. at 1291 (internal citations omitted).  The party offering an expert has the burden of satisfying each of these elements by a preponderance of the evidence.  Id. at 1292; see also Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999).  Expert testimony is also evaluated under Federal Rule of Evidence 403, which states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

III. **Analysis**

    A.   **Credibility Determinations and Legal Implications**

       Defendants assert that Mr. Riley's testimony should be excluded because "Mr. Riley bases many of his opinions in this case on his personal assessment of the credibility of witnesses." (Doc. # 37 at 4). Defendants also contend that Mr. Riley's proffered testimony is subject to exclusion because it is "riddled with impermissible legal conclusions, such as conclusions that Defendants conspired or intentionally misled First Priority Bank and the Defendants acted deliberately." (Id. at 5) (internal quotation marks omitted).

       Defendants' arguments on these two issues, however, appear to be moot. In the FDIC's response to the Motion in Limine, the FDIC "acknowledges that expert witnesses may not directly and expressly offer opinions on the credibility of other witnesses." (Doc. # 40 at 2). The FDIC also clarifies that "Mr. Riley is not being called to . . . testify on the credibility of other witnesses." (Id.). In addition, in the FDIC's response to the Motion in Limine, the FDIC "stipulates that Mr. Riley will not be called to testify on the legal implications of the Defendants' conduct." (Id. at 3).

       In light of these representations by the FDIC, the Court determines that these two issues are moot. However,

Defendants are free to raise an appropriate objection during trial if it appears that Mr. Riley intends to comment on the credibility of another witness or the legal implications of Defendants' actions.

**B.    "What the Bank Would have Done"**

Defendants argue that the Court should preclude Mr. Riley from "offering speculative testimony regarding what First Priority Bank would have done if it had known certain information." (Doc. # 37 at 7). Defendants further assert, "the jury is perfectly capable of listening to the testimony of the bank officers and directors who approved the loan if they need to determine what the bank would have done under a particular set of facts." (Id.).

In this complex case, the Court determines that expert testimony will be helpful, and it is important to note that both sides have retained experts to discuss banking practices to assist the trier of fact.  Like the FDIC's expert Mr. Riley, Defendants' expert, Jerry L. Neff, has been retained to "provide expert opinion testimony on the subject of banking procedures, policies, and business practices attendant to loan transactions, and more specifically, lending transactions concerning real estate acquisition and development loans, like the subject loan underlying this action." (Doc. # 31-6).

-6-

Rather than offering "speculative testimony regarding what First Priority Bank would have done . . .," Mr. Riley is being called upon to share his specialized knowledge about banking practices with the jury. (Doc. # 37 at 7).  The Court declines to strike his proffered testimony as speculative at this juncture.  However, Defendants may raise an appropriate objection at trial, if necessary, if Mr. Riley begins to offer any testimony based upon pure speculation and conjecture, rather than his expertise.

C.   **<u>"Facts of Common Understanding"</u>**

Defendants identify eleven statements from Mr. Riley's expert report and assert, "under the guise of expert testimony, the FDIC is using Mr. Riley to tell its factually unsupported story about what it believes happened in this case." (<u>Id</u>. at 9).  Defendants also point to the Eleventh Circuit's pronouncement in <u>Hibiscus Associates Ltd. v. Board of Trustees of Policemen and Firemen Retirement System of City of Detroit</u>, 50 F.3d 908, 917 (11th Cir. 1995), that "Expert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend for themselves."

The statements that Defendants have identified do not fall into the category of "facts of common understanding" and

they are not the sort of facts that most jurors are capable of understanding without the assistance of an expert. For instance, a typical juror would likely not consider the following statements ones of "common understanding:"

- The 25-acre option parcel was an integral part of the collateral pool for the loan;
- The project could not be completed without the valuable option property; and
- The Bank's Senior Loan Committee approved a loan that, in their opinion and deliberation, required an option.

(Doc. # 37 at 9-10).

Indeed, both sides have proffered expert testimony on these areas and the loan application and approval process. While some jurors may have banking and/or real estate development experience, the Court concludes that the average juror would consider these areas challenging. Upon due consideration, the Court declines to exclude any portion of Mr. Riley's expert testimony on the basis that such testimony pertains to "facts of common understanding." The Court has considered the evidence under the prism of Rule 702 and Rule 403 of the Federal Rules of Evidence. Neither rule calls for the exclusion of Mr. Riley's expert testimony. However, Defendants may re-raise any challenge made in this Motion in Limine during trial if the circumstances call for an objection.

D.   **The Scope of Mr. Riley's Expertise**

Defendants correctly point out that Mr. Riley is not an attorney and should not be permitted to testify regarding the ethical obligations of an attorney.  However, the FDIC responds that "Mr. Riley will not be called to provide any expert opinions on ethics." (Doc. # 40 at 6).  Accordingly, Defendants' concerns regarding the propriety of Mr. Riley offering legal ethics opinions are moot.

Defendants also argue, "Mr. Riley has also offered opinions about the importance of certain parcels of real property to a development in Manatee County, Florida, while also admitting that he is not a developer or a Florida real estate lawyer and that he has not developed real estate in the state of Florida." (Doc. # 37 at 11-12).  This argument is unavailing.  The Court determines that a banking expert, such as Mr. Riley, does not necessarily need real estate development experience to provide an expert opinion regarding the value of collateral and related bank practices and procedures for real estate acquisition and development loans. The FDIC indicates that "Mr. Riley will provide expert testimony about the Bank's policies and procedures that were in place when the Loan was made, the Loan and its approval process, the Loan documentation, and the collateral package

that secured the Loan." (Doc. # 40 at 5-6).   In the instance that Mr. Riley attempts to provide the jury with testimony that exceeds the bounds of his expertise, Defendants are free to raise an appropriate objection during trial.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendants' Motion in Limine to Exclude Improper Expert Testimony by Plaintiff's Expert, Mark Riley (Doc. # 37) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of May, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record