```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

THE FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
First Priority Bank, Bradenton,
Florida,

        Plaintiff,
v.                           Case No. 8:11-cv-2831-T-33MAP

ICARD, MERRILL, CULLIS, TIMM,
FUREN & GINSBURG, P.A., and
ROBERT E. MESSICK,

        Defendants.
_____/

**<u>ORDER</u>**

This cause is before the Court pursuant to the FDIC's Request for Judicial Notice (Doc. # 34), filed on April 9, 2013, and Defendants' Response in Opposition (Doc. # 43), filed on April 24, 2013. Also before the Court is Defendants' Motion in Limine to Exclude Evidence of, and Reference to, Other Lawsuit and Settlement (Doc. # 36), filed on April 15, 2013. The FDIC filed a Response in Opposition to the Motion in Limine (Doc. # 41) on April 24, 2013. The Court grants the FDIC's Request for Judicial Notice and denies Defendants' Motion in Limine without prejudice.

**I.**    **<u>Background</u>**

This case is set for a jury trial during the Court's May 2013, trial term. As the parties indicate in their joint statement of the case:

> The FDIC alleges that Icard Merrill and Bob Messick committed legal malpractice and breached their fiduciary duties when representing First Priority Bank in connection with the March 2006 closing of a $5.3 million real estate acquisition and development loan to River Meadows Development, LLC. Icard Merrill and Mr. Messick deny all of the FDIC's allegations of legal malpractice and breach of fiduciary duties, and maintain that they properly represented First Priority Bank in connection with the Loan and that they caused no harm to First Priority Bank or the FDIC.

(Doc. # 46).

The FDIC has expressed its intention to introduce evidence that River Meadows Development, LLC filed suit against Icard Merrill and Messick in state court (Case No. 2007CA012915NC), and that the state court action concluded in a settlement. In the state court action, River Meadows Development, LLC sued Icard Merrill and Messick for legal malpractice, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and fraud. River Meadows Development, LLC also sought an accounting.

River Meadows Development, LLC's state court Amended Complaint arrays allegations similar to the contentions of the FDIC in this case, such as "Defendant, Messick, had multiple roles in those transactions: Settlement Agent and Escrow Agent and counsel to RMD [River Meadows Development, LLC], counsel to RMD's Managing Member, MB River and John Murray, and counsel to Brivik, individually." (Doc. # 34-1 at ¶ 50).

Pertinent to the present action, River Meadows Development, LLC's state court Amended Complaint alleges:

> On March 21st of 2006, Brivik obtained a loan from First Priority Bank on behalf of [River Meadows Development, LLC] for $5,300,000 to acquire Parcel 1 and used $4,300,000 of the proceeds to benefit Manatee River Resort, a company he wholly-owned and controlled, by paying a debt it owed in the amount of $4,378,617.71 to the Defendants' client U.S. Funding Group. . . . After these closings, the Investors learned that no "option" was available on the other parcel needed to develop the project . . . . Therefore, RMD was never able to obtain the critical property it needed for the project. . . . [B]ecause of the Defendants' conduct, RMD's capital was lost and the Investor's entire cash contributions totaling approximately $4,000,000.00 was lost.

(Id. at ¶¶ 54-56).

The FDIC has requested judicial notice of River Meadows Development, LLC's state court Amended Complaint and Icard Merrill and Messick's state court Answer. (Doc. # 34). These documents exceed 200 pages.

In addition, in response to the Motion in Limine, the FDIC indicates that it "should be permitted to use the Defendants' pleadings, deposition transcripts, and submissions in the prior case as impeachment and/or as an admission against interest to show the jury the inconsistencies in the Defendants' positions on key facts." (Doc. # 41 at 6).

**II. <u>Judicial Notice</u>**

Rule 201(c)(2) of the Federal Rules of Evidence states that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." In this case, the FDIC has supplied the Court with a copy of the relevant state court Amended Complaint and Defendants' Answer thereto.

"It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994)(internal citations omitted). Although Defendants oppose the Motion, the Court finds their arguments unavailing. It cannot be disputed that the Amended Complaint and Answer were indeed filed in state court. The FDIC does not seek a finding from this Court that the allegations contained within the state court pleadings are true. Rather, the FDIC seeks judicial notice of the filing of these pleadings "to establish the fact of the litigation and the admissions that were made." (Doc. # 34 at 2).

The Court takes judicial notice of the state court Amended Complaint and Answer "for the limited purpose of

recognizing . . . the subject matter of the litigation" <u>Jones</u>, 29 F.3d at 1553.[1] The Court does not take judicial notice of accuracy of the factual allegations contained within the state court pleadings. In addition, the Court's decision to take judicial notice of the state court pleadings does not constitute a determination regarding the admissibility of such pleadings.

**III. <u>Motion in Limine</u>**

    **A. <u>Evidentiary Rules</u>**

Defendants seek an Order barring the FDIC from introducing any evidence of, or making any reference to, the aforementioned state court action, including the fact that the

---

[1] As stated in <u>Jones</u>, 29 F.3d at 1553:

> In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, <u>Federal Practice and Procedure: Evidence</u> § 5104 at 485 (1977 & Supp. 1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. <u>Id.</u> If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. <u>Id.</u> Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury.

state court action ended in a settlement. (Doc. # 36). Defendants contend that such evidence should be excluded pursuant to Rules 401 through 404 of the Federal Rules of Evidence.

Rule 401 provides the "Test for Relevant Evidence" and explains that "evidence is relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Regarding the general admissibility of evidence, Rule 402 provides that "[r]elevant evidence is admissible" except as otherwise provided by "the United States Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Rule 403 sets forth the following balancing test for relevant evidence: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Finally, regarding character evidence, Rule 404(b) provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

**B. Analysis**

The FDIC plans to present several components of the state court litigation to the jury in this case. For instance, the FDIC seeks to introduce deposition testimony from the state court case as well as state court pleadings and evidence that the state court litigation ended in a settlement. Defendants, on the other hand, seek an Order barring reference to the state court proceeding entirely.

As explained below, the Court denies the Motion in Limine without prejudice because Defendants, as the movants, failed to demonstrate that any particular item of evidence is irrelevant, unduly prejudicial, or otherwise improper. In addition, the Court instructs the parties to reach a stipulation regarding the state court proceeding to be read to the jury.

**1. Relevance**

As identified by the FDIC, the state court litigation contains relevant statements by Defendants regarding

-7-

Defendants' alleged simultaneous representation of River Meadows Development, LLC and others. As argued by the FDIC, "Defendants would like to exclude all references to the prior litigation because of the key admissions against interest that the Defendants made in that case and because the Defendants' testimony in that case expressly conflicts with the testimony which is being offered in the instant case." (Doc. # 41 at 4).

In the present case, the FDIC alleges that First Priority Bank was injured due to Defendants' simultaneous representation of parties with adverse interests. In the state court action, River Meadows Development, LLC claimed to be harmed by Defendants' alleged conflict of interest, and Messick gave testimony and made admissions regarding his representation of First Priority Bank and other parties. Thus, the Court rejects Defendants' assertion that "the prior lawsuit amounts to nothing more than some other parties' accusations and belief that they were harmed under their view of disputed facts." (Doc. # 36 at 6).

The FDIC also correctly points out that Defendants may be subject to impeachment based on prior testimony given in the state court proceeding. Particularly, Messick provided deposition testimony in the state court action regarding whom Defendants represented and when the representation occurred.

Messick has provided testimony on the same subject in this action. The Federal Rules of Evidence provide that the prior testimony may be used for impeachment purposes. In addition, Messick's sworn statements may qualify as statements against interest.

As such, Defendants have failed to identify any particular item of evidence that is irrelevant. Of course, during trial, the parties may assert relevance arguments when specific items of evidence are tendered.

### 2. **Rule 403**

In addition, Defendants have failed to demonstrate that any particular item of relevant evidence should be excluded based on a finding that the probative value of such evidence is substantially outweighed by any factor listed in Rule 403 of the Federal Rules of Evidence.

Neither party has itemized the particular evidence challenged on the basis of Rule 403. From reading the Motion in Limine, the Court surmises that Defendants' primary concern is the impact of evidence that Defendants settled with River Meadows Development, LLC in the state court action. Defendants assert that evidence of their settlement is unfairly prejudicial and misleading. Defendants rely upon <u>United States v. Hays</u>, 872 F.2d 582, 589 (5th Cir. 1989) for

the proposition that "the potential impact of evidence regarding a settlement agreement with regard to a determination of liability is profound. It does not tax the imagination to envision the juror who retires to deliberate with the notion that if the defendants had done nothing wrong, they would not have paid the money . . . ."

The Court agrees with Defendants that evidence of a settlement agreement could be substantially prejudicial to Defendants and misleading to the jury. See Mills v. Foremost Ins. Co., No. 8:06-cv-986, 2010 U.S. Dist. LEXIS 98254, at *8 (M.D. Fla. Sept. 2, 2010)(finding "settlement documents factually irrelevant, potentially burdensome, and tending to lead jurors astray."). In addition, the Court tends to agree with Defendants that the presentation of evidence regarding the state court litigation has the potential to lead to confusion and prejudice. See e.g. Royal Bahamian Ass'n v. QBE Ins. Corp., 745 F. Supp. 2d 1380, 1384 (S.D. Fla. 2010)("Without question, if evidence of other claims were allowed by the court, there would be, in effect, a mini-trial on each such claim. That is wholly unacceptable where the only claims that are material are the claims of the plaintiffs in this litigation. In sum, the admission of such evidence would be unduly time-consuming, unfairly prejudicial and

unnecessarily confusing and will not be permitted.")(internal citation omitted); Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479, 2006 WL 2868923 (M.D. Fla. Oct. 6, 2006)(barring admission of evidence in an employment discrimination case that other employees of the defendant company had also filed employment discrimination actions).

Nevertheless, the FDIC has identified certain items of evidence from the state court action, such as impeachment evidence, that is likely to be introduced and must be placed into context to avoid juror confusion. The Court accordingly encourages the parties to reach a stipulation regarding how evidence of the prior lawsuit should be presented to the jury, if at all. For instance, the parties could stipulate that, in a "prior proceeding," River Meadows Development, LLC sued Defendants for malpractice, breach of fiduciary duty, and other claims, and that the prior proceeding has been resolved. A stipulation regarding the prior proceeding would serve the interests of justice and the interests of the parties by expediting the presentation of evidence, saving time and money, reducing the possibility of juror confusion, and minimizing prejudice while allowing relevant and probative evidence to reach the jury.

If the parties are unable to come to an agreement, the Court will give further consideration to the parties' dispute regarding the admissibility of various aspects of the prior proceeding. However, the Court warns the parties that it will not allow a wholesale reiteration of the prior proceeding during the instant trial; nor will the Court waste the jurors' time by allowing the parties to needlessly explore the state court record. The Court will only permit a greatly summarized and truncated discussion of the state court proceeding, if at all.[2] In addition, the parties should be mindful of the requirements of Rule 408 of the Federal Rules of Evidence. See e.g. Barker v. Niles Bolton Assocs., 316 F. App'x 933 (11th Cir. 2009).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) The FDIC's Request for Judicial Notice (Doc. # 34) is **GRANTED.** The Court takes judicial notice of the Amended

---

[2] The Court finds as moot Defendants' assertion that evidence of the prior state court proceeding falls within the ambit of Rule 404(b) character evidence. The FDIC indicates that it "is not seeking to use the prior litigation as character evidence." (Doc. # 41 at 9). In addition, it should be noted that the Federal Rules of Evidence recognize that evidence may be admissible for one purpose but not admissible for another purpose. See Fed. R. Evid. 105.

Complaint and Defendants' Answer in the state court proceeding for the limited purposes discussed above.

(2) Defendants' Motion in Limine to Exclude Evidence of, and Reference to, Other Lawsuit and Settlement (Doc. # 36) is **DENIED WITHOUT PREJUDICE** consistent with the foregoing.

(3) The parties are encouraged to reach a stipulation regarding the prior proceeding to be read to the jury.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>9th</u> day of May, 2013.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record